UNITED STATES DISTRICT COURT
District of Connecticut

UNITED STATES OF AMERICA

vs.   2017 AUG 16  A 11: 42

JASON PRAWL

JUDGMENT IN A CRIMINAL CASE

CASE NO.  3:16CR189 (MPS)
USM NO:   25090-014

*SARALA NAGALA*
Assistant United States Attorney

*DAVID J. WENC*
Defendant's Attorney

THE DEFENDANT:   plead guilty to count **2** of the indictment.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 1591(a)(1),(b)(2)and(c) | Sex Trafficking of a Minor | February 28, 2016 | **2** |

The sentence at the bottom of the Guidelines range was driven by the seriousness of the offense and the defendant's history and characteristics, which included a significant criminal record, including violent offenses, and a pattern of violence against women and corrupting minors.   The Court also found a need to protect the public and deter the defendant, as well as a need to avoid unwarranted disparities with defendants with less serious criminal records, no pattern of similar conduct, and fewer victims who are convicted of the same mandatory-minimum-bearing offense.

### IMPRISONMENT
The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of **151** months

### SUPERVISED RELEASE
Upon release from imprisonment, the defendant shall be on supervised release for a total term of **5** years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. **You must not associate with female children under the age of 18 (other than your own) except in the presence of a responsible adult who is aware of the nature of your background and current offense and who has been approved by the Probation Office.**

2. **You must not loiter around playgrounds, schools, youth-oriented organizations/clubs or any other place where children under the age of 18 are known to congregate (except picking up or driving your own children).   You must not associate with or have contact with convicted sex offenders or those considered inappropriate by the Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling program.**

3. **You must submit your person, residence, office, or vehicle to a search, conducted by a U. S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release;**

1

failure to submit to a search may be grounds for revocation; you must inform any other residents that the premises may be subject to searches pursuant to this condition.

4. You must participate in mental health treatment, with an emphasis on sexual offender treatment, in a program recommended by the U. S. Probation Office and approved by the Court. You must pay all or a portion of the costs associated with treatment based upon your ability to pay as determined by the Probation Office.

5. You must not possess or access sexually explicit materials involving minors.

6. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the Probation Office, the Bureau of Prisons, or any state sex offender registration agency, in which you reside, work, or are a student.

7. Until your criminal debt obligation is paid, you must provide the Probation Office with access to any requested financial records and must authorize the release of any financial information to the Probation Office. The Probation Office may share financial information with the U. S. Attorney's Office.

8. You must pay any restitution that is imposed by this judgment, in a lump sum immediately. If you are unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $100 per month or 10% of your gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on your ability to pay as determined by the Probation Office.

9. You must participate in a program recommended by the Probation Office and approved by the Court for inpatient or outpatient substance abuse treatment and testing. You must follow the rules and regulations of that program. The Probation Officer will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as determined by the Probation Office.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

Special Assessment:   $100.00
Restitution:          $12,580.00 - $10,080.00 to Minor Victim 1 and $2,500.00 to Minor Victim 2

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all costs and special assessments imposed by this judgment, are paid.

The defendant is remanded to the custody of the United States Marshal.

Count **1** is dismissed on the motion of the Government


**JUDICIAL RECOMMENDATIONS TO THE BUREAU OF PRISONS**
That the defendant receive a full medical evaluation.
That the defendant participate in the 500 drug rehabilitation treatment program.


August 14, 2017
Date of Imposition of Sentence
/s/ MICHAEL P. SHEA

Michael P. Shea
United States District Judge
Date: 8/16/2017

3

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) You must (A) make restitution in accordance with 18 U.S.C. sections 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. Section 3013.

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
Defendant                                             Date

_____     _____
U.S. Probation Officer/Designated Witness             Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
Brian Taylor
Acting United States Marshal

By   _____
Deputy Marshal